## Simpson v. Halcomb et al.

April 23, 1948.

B. J. Bethurum and C. Homer Neikirk for appellant.

W. N. Flippin for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

This is the second appeal in this case. A full statement of facts will be found in our opinion in the case of Halcomb et al. v. Simpson, 301 Ky. 55, 190 S. W. 2d 855.

The action was brought by the heirs of one James Wright to recover damages for the cutting of timber by defendant on land owned by them. On the first trial the jury found for the defendant. We reversed the case because the instructions were erroneous. On the second trial the jury returned a verdict for all of the plaintiffs against the defendant, and awarded damages in the sum of $372.00. Defendant has filed a motion for appeal.

Defendant's principal contentions are that the Court refused to permit the introduction of competent evidence, and the verdict is not supported by the evidence.

The only meritorious defense to the action was based on estoppel in that the plaintiffs, or some of them, had misled defendant concerning the extent of the property he had purchased, and had permitted him to cut the timber without objection.

Defendant introduced a deed which he had obtained

from three of the plaintiffs after the timber was cut in which they conveyed their interest in the property involved. This deed specifically recited that it was executed for the purpose of conveying to the defendant all of the property owned by the plaintiffs which defendant's predecessor in title thought he was buying at a judicial sale. With the other evidence in the case, we believe this deed shows that defendant was misled to his prejudice by the actions of the three plaintiffs who executed the deed. As to them he established a clear estoppel, and they were not entitled to recover any damages in this case.

The defendant, however, failed to ask for a peremptory instruction as to these persons at the conclusion of the evidence. He was not entitled to such instruction upon his failure to request it. See Louisville & N. R. Co. v. Davis, 32 Ky. Law Rep. 306, 105 S. W. 455; Rockcastle Gas Co. v. Horn, 241 Ky. 398, 44 S. W. 2d 273. It appears, however, that the jury could not on the evidence presented have found a verdict against defendant in favor of these three heirs. The verdict was not supported by the evidence in this respect.

Concerning the other three plaintiffs, there was a conflict of evidence as to whether or not their actions were sufficient to constitute an estoppel. The defendant's predecessor in title was asked this question: "Before you purchased that land at Commissioner's sale, tell the jury and court whether or not the Wright heirs or any of them, or the Master Commissioner who made the sale, explained to you what land you were getting?"

The Court sustained an objection thereto. We think the Court's action improper because the question went to the very heart of the controversy; i. e., representations made by the plaintiffs which misled defendant. Plaintiffs contend that this question was objectionable because it asked for representations made by the Master Commissioner. While his statements would not be binding upon the plaintiffs, they were material on the question of defendant's reasonable reliance upon the assurances made by plaintiffs.

Because of the rejection of competent and material evidence and because the evidence did not support the verdict as to the three plaintiffs who executed the deed,

we believe that the trial Court should have granted defendant a new trial.

Wherefore, the motion for appeal is sustained and the judgment is reversed for proceedings consistent herewith.