# Wright et al. v. Wright et al.

May 12, 1950.

R. C. Tartar, Judge.

844

C. Homer Neikirk for appellants.
W. N. Flippin for appellees.

CLAY, COMMISSIONER—Affirming.

This is the third time these parties have been before this Court in a controversy involving two tracts of land. Appellees, the heirs of James Wright, originally sued to recover of appellant the value of timber allegedly cut by him on this property.. The first judgment was reversed for error in the instructions. Halcomb et al. v. Simpson, 301 Ky. 55, 190 S. W. 2d 855. On a second appeal the judgment was reversed because the evidence indicated some of the appellees were estopped to claim damages. Simpson v. Halcomb et al., 307 Ky. 228, 210 S. W. 2d 758.

While the above suit was pending, appellees brought an action for the sale of this land and for division of the proceeds. By proper pleadings the issue of title was raised as between appellant and appellees. It was, and is, the contention of the former that not only were appellees estopped to recover damages for the cutting of timber, but they were estopped to assert title to the property involved. The Chancellor decided appellant had no title to or interest in the two tracts which appellees seek to have sold for division.

Appellant first claims his plea in abatement in this suit should have been sustained because of the pendency of the other action. However, the proceedings were not "for the same cause" under Section 92 of the Civil Code of Practice, and it was not error for the Chancellor to sustain a demurrer to this plea.

Appellant next contends appellee's petition should have been dismissed because there was no proof of indivisibility. If the Chancellor correctly determined appellant had no interest in the land, he is not in a position to raise this question.

On its own motion the lower Court impaneled a jury to try the issue of title as between the parties. Appellant insists that at the conclusion of all the evidence he should have been given a peremptory instruction as to

three appellees because they had executed to him a deed to the property. However, there was substantial evidence these three parties had received no consideration for the deed, that some of them were not competent to transact business, and that appellant had coerced them into executing the conveyance.

The lower Court gave a peremptory instruction for all of the appellees, and appellant contends this was error. It is his argument he has title to the property by virtue of estoppel. While it is true some of the appellees could not recover damages from him for the cutting of timber because they were estopped, title to real estate may pass by equitable estoppel only under extraordinary circumstances in a clear, strong case. See Jones v. Travis et al., 302 Ky. 367, 194 S. W. 2d 841.

It appears appellant's predecessor in title bought at a judicial sale one of three tracts of land originally owned by the deceased father of appellees. This one tract was properly advertised and properly described in the commissioner's deed. Apparently appellant's predecessor thought he was buying the other two tracts of land which are involved in this suit, and appellant may have had the same idea when he made his purchase. The facts show appellant has made strenuous efforts to acquire these two tracts from appellees because of the mistake. The difficulty with his position is that neither he nor his vendor were led into this mistake by the misrepresentative actions of appellees, nor has it been shown the former suffered any damages by reason thereof. Under the circumstances, the Chancellor correctly adjudged the title was still in appellees.

The judgment is affirmed.